## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| WILLIAM H. YOUNG<br>1989 Braceville Robinson Road<br>Southington, Ohio 44470,<br>Individually and On Behalf Of All Others<br>Similarly Situated,<br><br>    Plaintiff,<br><br>vs.<br><br>COLUMBUS LIFE INSURANCE<br>COMPANY<br>c/o Statutory Agent Jonathan D. Niemeyer<br>400 Broadway, MS 32<br>Cincinnati, Ohio 45202,<br><br>    Defendant. | Civil Action No.<br><br><br><br><br><br><br><br>**CLASS ACTION**<br><br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff William H. Young ("Plaintiff"), individually and on behalf of all others similarly situated, for his Class Action Complaint against Defendant Columbus Life Insurance Company ("Defendant" or "Columbus Life"), states and alleges as follows:

### INTRODUCTION

1. This is a class action for breach of contract and conversion to recover amounts that Defendant has charged and collected from Plaintiff and members of a class of life insurance policy owners in excess of amounts authorized by the express terms of their policies. Plaintiff's claims and those of the proposed class are exclusively supported by the explicit provisions of their life insurance policies and are not derived from any alleged conversations had, or documents reviewed, at the time of sale.

2. The terms of Plaintiff's life insurance policy provide for an "Account Value" consisting of monies held in trust by Defendant for Plaintiff. Over the course of several years, Defendant has deducted monies from Plaintiff's Account Value in breach of his policy's terms.

3. Defendant is contractually bound to deduct only those charges that are explicitly identified and authorized by the terms of its life insurance policies. Despite the unambiguous language of the policy, which is a fully integrated agreement, Defendant deducts charges from the Account Values of Plaintiff and the proposed class in excess of amounts specifically permitted by their policies.

4. Defendant has caused material harm to Plaintiff and the proposed class by improperly draining monies they have accumulated in the Account Values under their policies. Every unauthorized dollar taken from policy owners is one less dollar on which policy owners earn interest and one less dollar that can be: applied to cover future policy costs; used to increase the death benefit; used as collateral for policy loans; or withdrawn as cash.

5. Plaintiff brings this case as a class action under Federal Rule of Civil Procedure 23, individually and on behalf of the following persons (the "Class"):

> All persons who own or owned an universal life insurance policy issued by Columbus Life Insurance Company, the terms of which provide or provided for: 1) a charge or deduction calculated using a rate that is based on Columbus Life Insurance Company's expectations as to future mortality experience; 2) additional but separate policy charges, deductions, or expenses; 3) an investment, interest-bearing, or savings component; and 4) a death benefit.

**PARTIES**

6. Plaintiff William H. Young is an individual and resident of the State of Ohio.

7. Defendant Columbus Life Insurance Company is a life insurance company organized and existing under the laws of the State of Ohio, and maintains its principal place of business in Cincinnati, Ohio. Columbus Life is a subsidiary of Western and Southern Financial Group which also is headquartered in Cincinnati, Ohio.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction over all causes of action asserted herein pursuant to 28 U.S.C. § 1332(d) because this is a class action with diversity of citizenship between parties and the matter in controversy exceeds $5,000,000, exclusive of interest and costs, and the proposed Class contains more than 100 members.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant is a resident of this District and a substantial portion of the events giving rise to Plaintiff's causes of action occurred in this District.

**FACTUAL BACKGROUND**

10. Plaintiff purchased from Columbus Life Insurance Company a flexible premium adjustable life insurance policy, bearing the policy number CM4127474U, and a policy date of August 18, 1997, with an initial specified amount of $200,000. A true and accurate copy of Plaintiff's policy (the "Policy") is attached hereto as Exhibit A and incorporated herein by reference.

11. Plaintiff has always been the "owner" under the Policy.

12. The Policy is a valid and enforceable contract between Plaintiff and Defendant.

13. The Policy constitutes the entire contract of insurance, including the application and any supplemental application or any riders or endorsements. Ex. A at p. 7.

14. The terms of the Policy are not subject to individual negotiation and are materially the same for all policy owners. They cannot be altered by an agent's representations at the time of sale.

15. The Policy provides that, "[a]ll agreements made by [Defendant] must be signed by our president, vice president, our secretary or an assistant secretary. No other person, including an insurance agent, can: change any of this policy's terms; or extend the time for paying premiums; or make any agreements binding on [Defendant]." Ex. A at p. 18.

16. Defendant has administered and currently administers all aspects of the Policy, and all policies that fall within the Class definition set forth above (together, the "Policies"), including collecting premiums, and setting, assessing, and deducting policy charges.

17. In addition to a death benefit, the Policy provides policy owners a savings or interest-bearing component that is identified in the Policy and throughout this Complaint as the "Account Value." Under the terms of the Policy, the Account Value consists of an interest-bearing account that accumulates over time.

18. The Policy expressly defines the "Account Value" as follows:

> ***Account Value*** The account value on the policy date shall be the first premium less the monthly deduction for the first policy month less the monthly expense charge shown on Page 3. In calculating this monthly deduction, the policy date is treated as the first monthly anniversary day. On each later monthly anniversary day, the account value shall be calculated as (1) plus (2) plus (3) minus (4) minus (5) where:
>
> (1) is the account value on the preceding monthly anniversary day adjusted for any partial surrender.
> (2) is one month's interest on item (1).
> (3) is all premiums (except the first payment which put this policy into effect) received since the preceding monthly anniversary day.
> (4) is the monthly deduction for the month following the monthly anniversary day.

    (5)  is the monthly expense charge shown on Page 3.

On any day other than a monthly anniversary day, the account value shall be:

    (a)  the account value as of the preceding monthly anniversary day, plus
    (b)  all premiums (except the first payment which put this policy into effect) received since the preceding monthly anniversary day less
    (c)  any withdrawals since the preceding monthly anniversary day.

Ex. A at p. 11.

19.    Generally speaking, premium dollars are deposited into the Account Value, from which Defendant deducts those monthly charges authorized by the terms of the Policy.

20.    The money that makes up the Account Value is the property of the policy owner and is held in trust by Defendant.

21.    Defendant may access and withdraw funds from the Account Value only as expressly authorized by the Policy.

22.    The Policy expressly defines the specific charges that Defendant may assess and deduct from a given policy owner's Account Value. Defendant may deduct only those charges allowed by the Policy.

23.    The Policy authorizes Defendant to take a "monthly deduction" and "monthly expense charge" from the policy owner's Account Value each month. Ex. A at p. 11.

24.    The Policy expressly defines the Monthly Deduction as follows:

***Monthly Deduction***  Each monthly deduction on the monthly anniversary day consists of the cost of insurance plus the cost of additional benefits provided by rider.

The cost of insurance for the insured is determined on a monthly basis. To determine such cost:

    (1)  Divide the Death Benefit at the beginning of the policy month by one plus the guaranteed monthly interest rate.
    (2)  Subtract the account value at the beginning of the policy month (excluding the monthly deduction from its calculation).
    (3)  Add the cost of additional benefits provided by rider.

5

  (4) Divide the resulting number by 1000 to get the number of thousands of dollars of insurance.
  (5) Multiply by the cost of insurance rate as described in the Cost of Insurance Rates section.

  The cost of insurance for benefits provided by riders will be determined as provided in those riders.

Ex. A at p. 11.

  25. The Policy also expressly defines how the "Cost of Insurance Rate" is determined and calculated. Plaintiff's Policy provides:

> ***Cost of Insurance Rate*** The monthly cost of insurance rates are shown on Page 6. The actual rates charged may be lower but those shown are the maximum that could be charged. Any change in the cost of insurance rates shown will have no effect on the cost of insurance for any rider attached to this policy. Any change in the monthly cost of insurance rates charged will be on a non-discriminatory basis toward any one insured and will apply to all insureds of the same age, sex, and classification whose policies have been in effect the same length of time, not to exceed the maximum rates shown on Page 6. The cost of insurance rates will be determined by us based on our expectations as to future mortality experience.

Ex. A at p. 11.

  26. Thus, under the explicit terms of the Policy, Defendant is authorized to base its "Cost of Insurance Rates" on its expectations as to future mortality experience. Ex. A. at p. 11.

  27. Because the Policy specifically states that the cost of insurance rates will be determined by Defendant based on its expectations as to future mortality experience, the parties agreed that Defendant's mortality expectations are what determine the Cost of Insurance Rates under the Policy.

  28. The Policy states that the monthly expense charge is "$7.00 PER POLICY." Ex. A at p. 3.

  29. Like the Policy, the Policies disclose similar periodic deductions that Defendant is authorized to take from policyholders' Account Values, including specifically, Cost of Insurance

6

charges that are calculated using rates that Defendant must determine based on its expectations as to future mortality experience, and a separate $7.00 monthly expense charge.

30. Given the language of the Cost of Insurance Rates' provisions in the Policies, and their context in the Policies as a whole, no reasonable layperson would expect that the Policies permit Defendant to use any factor it wanted to determine Cost of Insurance Rates for the Policies. A reasonable layperson would instead read that the Cost of Insurance Rates will be determined by Defendant based on its expectations as to future mortality experience, to mean that only Defendant's mortality expectations are used to determine the monthly Cost of Insurance Rates for the Policies.

31. Although the Policies authorize Defendant to use only its expectations as to future mortality experience in determining Cost of Insurance Rates, Defendant uses other factors, not authorized by the Policies, when determining those rates, including, without limitation, non-mortality related expenses.

32. By including these factors in Cost of Insurance Rates, Defendant knowingly causes those rates to be higher than what is explicitly authorized by the Policies and, as a result, withdraws Cost of Insurance charges from policy owner Account Values in amounts greater than what is permitted by the Policies.

33. By loading these unauthorized factors in Cost of Insurance Rates, Defendant repeatedly and continuously breaches the Policies and impermissibly inflates those rates.

34. As a direct and proximate result of Defendant's breaches, Plaintiff and the Class have been damaged, and those damages are continuing in nature in that Defendant has deducted and will continue to deduct unauthorized Cost of Insurance charges from policy owners' Account Values.

35. By including undisclosed expense factors in Cost of Insurance Rates, including without limitation non-mortality expense factors, Defendant repeatedly and continuously breaches the Policies by impermissibly deducting amounts from the Account Values of Plaintiff and the Class in excess of the fixed and maximum monthly expense charge expressly authorized by the Policies.

36. As a direct and proximate result of Defendant's breaches, Plaintiff and the Class have been damaged and those damages are continuing in nature in that Defendant has deducted and will continue to deduct expenses from the Account Values of Plaintiff and the Class in amounts not authorized by the Policies.

37. Defendant has, on information and belief, failed to lower Cost of Insurance Rates for the Policies even though its mortality expectations have improved, as people are living longer today than when the Policies were initially priced.

38. The nature of Defendant's conduct is such that Plaintiff and each member of the Class would be unaware that Defendant was engaging in wrongdoing by taking inflated charges and improper amounts from their Account Values. Defendant possesses the actuarial information and equations underlying the computation of rates and charges for the Policies. On information and belief, the Cost of Insurance Rates used to calculate the monthly Cost of Insurance charges are not disclosed to policy owners, nor are the components or factors that comprise those rates. Even if they were, and both are required to learn of Defendant's wrongdoing, Plaintiff and the Class would lack the knowledge, experience, and training to reasonably ascertain how Defendant calculated the rates and charges.

39. Defendant was aware that Plaintiff and each member of the Class did not know about the improper deductions because of Defendant's superior knowledge of the aforementioned

8

computations. On information and belief, Defendant sent Plaintiff annual statements that identified each month's Cost of Insurance charge while affirmatively concealing the factors Defendant used to calculate the Cost of Insurance Rates. Despite reasonable diligence on his part, Plaintiff was kept ignorant by Defendant of the factual bases for these claims for relief. Defendant's withholding of material facts concealed these claims and tolled all applicable statutes of limitation.

40. Plaintiff reasonably relied to his detriment on Defendant's fraudulent concealment of its violations. As a result of such concealment, Plaintiff did not believe that it was necessary to file a lawsuit. Plaintiff did not discover, and exercising reasonable diligence could not have discovered, the facts establishing Defendant's breaches or the harm caused thereby. Plaintiff did not learn of Defendant's breaches of the Policy supporting his claim until approximately June 2022 when he engaged counsel.

41. Defendant is estopped from asserting a statute of limitations defense as Defendant's conduct in failing to disclose the true factors it was using to calculate the Cost of Insurance Rates misled Plaintiff and prevented him from learning of the factual bases for these claims for relief. Plaintiff proceeded diligently to file suit once he discovered the need to proceed.

## CLASS ALLEGATIONS

42. Plaintiff brings this lawsuit under Fed. R. Civ. P. 23, on behalf of himself and as a representative of the following Class:

> All persons who own or owned an universal life insurance policy issued by Columbus Life Insurance Company, the terms of which provide or provided for: 1) a charge or deduction calculated using a rate that is based on Columbus Life Insurance Company's expectations as to future mortality experience; 2) additional but separate policy charges, deductions, or expenses; 3) an investment, interest-bearing, or savings component; and 4) a death benefit.

43. Excluded from the Class is the Defendant, any entity in which the Defendant has a controlling interest, any of the officers, directors, or employees of the Defendant, the legal

representatives, heirs, successors, and assigns of the Defendant, anyone employed with Plaintiff's counsel's firms, any Judge to whom this case is assigned, and the Judge's immediate family. Excluded from the Class is any policy that explicitly discloses all of the factors Defendant uses to calculate its rates and charges.

44. Plaintiff's claims satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of Federal Rule of Civil Procedure 23(a), and the requirements for class treatment under Rules 23(b)(1), (b)(2), and (b)(3).

45. The numerosity requirement is satisfied because there are thousands of Class members who are geographically dispersed, making joinder impracticable, and the disposition of Class member claims in a single action will provide a substantial benefit to all parties and to the Court.

46. Class members are ascertainable from information and records in Defendant's possession, custody, or control. Notice of this action can therefore be readily provided to the Class, via first class mail, using information contained in Defendant's records.

47. Plaintiff's claims are typical of the claims of the Class, because the express terms of the Policies purchased from Defendant by Plaintiff and proposed Class members contain the same or similar limitations on the amounts Defendant can charge under the Policies.

48. Plaintiff will fairly and adequately represent the Class because he is a member of the Class and his interests are aligned with, and do not conflict with, the interests of those he seeks to represent. The interests of the Class members will be fairly and adequately protected by Plaintiff and his counsel, who have extensive experience prosecuting complex class litigation.

49. There are questions of fact and law common to the Class that predominate over any questions affecting only individual members, and a class action is superior to other available

methods for the fair and efficient adjudication of the controversy. The questions of law and fact common to the Class arising from Defendant's actions include, without limitation, the following:

    a. Whether Defendant is permitted by the Policies to base the determination of the Cost of Insurance Rates used to calculate Cost of Insurance charges or deductions on factors other than those disclosed in the Policies;

    b. Whether Defendant added, included, or relied on factors not specified in the Policies when determining the Cost of Insurance Rates used to calculate Cost of Insurance charges or deductions;

    c. Whether Defendant added, included, or relied on factors unrelated to its expectations as to future mortality experience in setting and determining rates that the Policies provide are based on Defendant's expectations as to future mortality experience;

    d. Whether Defendant charged amounts in excess of those specifically authorized by the Policies;

    e. Whether Defendant breached the terms of the Policies;

    f. Whether the Class sustained damages as a result of Defendant's breaches of contract;

    g. Whether the Class is entitled to damages, restitution, and/or other relief as a remedy for Defendant's breaches of contract and conversions; and

    h. Whether the Class is entitled to declaratory relief stating the proper construction and/or interpretation of the Policies.

50. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior to all other available means of fair and efficient

adjudication of the claims of Plaintiff and Class members. The injury suffered by each individual Class member is relatively small in comparison to the burden and expense of individual prosecution of these claims. Even if Class members could afford to pursue individual litigation, the court system could not. Individualized litigation would risk inconsistent or contradictory judgments while increasing the delay and expense to all parties and to the judicial system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, an economy of scale, and comprehensive supervision by a single court.

51. Defendant has acted or refused to act on grounds generally applicable to Plaintiff and Class members, making final declaratory relief appropriate with respect to the Class as a whole.

## COUNT I: BREACH OF CONTRACT
**(Cost of Insurance Charge)**

52. The preceding paragraphs are incorporated by reference as if fully alleged herein.

53. Plaintiff and the Class purchased life insurance policies—defined herein as the Policies—from Defendant.

54. The Policies are valid and enforceable contracts between the Defendant and Plaintiff and Class members.

55. Plaintiff and the Class substantially performed their obligations under the terms of the Policies.

56. By determining Cost of Insurance Rates inconsistent with the terms of the Policies and including unauthorized factors in Cost of Insurance Rates, Defendant impermissibly causes those rates to be higher than what is explicitly authorized by the Policies.

57. Because Defendant calculates Cost of Insurance charges inconsistent with the terms of the Policies, including using Cost of Insurance Rates that are higher than those authorized by the Policies, Defendant has deducted Cost of Insurance charges from the Account Values of Plaintiff and the Class in amounts greater than those authorized by the Policies.

58. Defendant's practice of deducting charges in amounts not authorized by the Policies constitutes repeated breaches of the Policies.

59. As a direct and proximate result of Defendant's breaches, Plaintiff and the Class have sustained damages that are continuing in nature in an amount to be determined at trial.

### COUNT II: BREACH OF CONTRACT
**(Monthly Expense Charge)**

60. The preceding paragraphs are incorporated by reference as if fully alleged herein.

61. By loading Cost of Insurance Rates with undisclosed and unauthorized expenses, Defendant impermissibly deducts expenses from the Account Values of Plaintiff and the Class in amounts in excess of the fixed and maximum monthly expense charge expressly authorized by the Policies.

62. By deducting unauthorized expense charges from the Account Values of Plaintiff and the Class, Defendant repeatedly breaches the Policies.

63. As direct and proximate result of Defendant's breaches, Plaintiff and the Class have sustained damages that are continuing in nature in an amount to be determined at trial.

### COUNT III: BREACH OF CONTRACT
**(Improving Expectations as to Future Mortality Experience)**

64. The preceding paragraphs are incorporated by reference as if fully alleged herein.

65. The Policies require Defendant to determine Cost of Insurance Rates based on its expectations as to future mortality experience.

66. Although mortality expectations have generally improved because people are living longer today than when the Policies were initially priced, Defendant has, on information and belief, failed to lower Cost of Insurance Rates for the Policies to reflect those improved mortality expectations.

67. Defendant's failure to lower these rates even though its expectations as to future mortality experience improved constitutes repeated breaches of the Policies.

68. As a direct and proximate result of Defendant's breaches, Plaintiff and the Class have sustained damages that are continuing in nature in an amount to be determined at trial.

## COUNT IV: CONVERSION

69. The preceding paragraphs are incorporated by reference as if fully alleged herein.

70. Plaintiff and the Class entrusted funds to Defendant's care for a specific purpose; to only deduct the funds which Defendant is authorized to deduct under the terms of the Policies.

71. Plaintiff and the Class had a property interest in the funds Defendant deducted from their Account Values in excess of the amounts permitted by the terms of the Policies.

72. Defendant intentionally and substantially interfered with that property interest. By deducting Cost of Insurance charges and monthly expense charges in unauthorized amounts from the Account Values of Plaintiff and the Class, Defendant assumed and exercised ownership over, and misappropriated or misapplied, specific funds placed in the custody of Defendant for the benefit of Plaintiff and the Class, without authorization or consent and in hostility to the rights of Plaintiff and Class members.

73. Defendant continues to retain these funds unlawfully. At no time did Plaintiff or any Class member consent to such wrongful retention of funds by Defendant.

74. Defendant's wrongful exercise of control over the personal property of Plaintiff and Class members constitutes conversion.

75. As a direct and proximate result of Defendant's conduct, Plaintiff and the Class have been damaged, and these damages are continuing in nature.

76. Although requiring expert testimony, the amounts of unauthorized Cost of Insurance charges and monthly expense charges Defendant took from Plaintiff and the Class are capable of determination, to an identified sum, by comparing Plaintiff's actual Cost of Insurance charge each month to a Cost of Insurance charge computed using a Cost of Insurance Rate determined based on the mortality factors provided for in the Policies.

77. Defendant intended to cause damage to Plaintiff and the Class by deducting more from their Account Values than was authorized by the Policies.

78. By reason of the foregoing, Plaintiff and Class members are entitled to recover from Defendant all damages and costs permitted by law, including all amounts Defendant has wrongfully converted.

## COUNT V: DECLARATORY RELIEF

79. The preceding paragraphs are incorporated by reference as if fully alleged herein.

80. An actual controversy has arisen and now exists between Plaintiff and the Class, on the one hand, and Defendant, on the other, concerning the respective rights and duties of the parties under the Policies.

81. Plaintiff contends that Defendant has breached the Policies in the following respects:

   a. By using unauthorized and undisclosed factors to compute the Cost of Insurance Rates under the Policies, Defendant impermissibly increased Cost of Insurance

Rates for the Policies and, as a result, withdraws Cost of Insurance charges from the Account Values of Plaintiff and the Class in amounts greater than those authorized by the Policies;

b. By inflating Cost of Insurance Rates under the Policies with expense factors that are not disclosed as being used to determine those rates, Defendant impermissibly deducted expense charges from the Account Values of Plaintiff and the Class in amounts in excess of the fixed and maximum monthly expense charge expressly authorized by the Policies; and

c. By failing to reduce Cost of Insurance Rates to reflect Defendant's improving expectations as to future mortality experience.

82. Plaintiff therefore seeks a declaration of the parties' respective rights and duties under the Policies and requests the Court to declare the aforementioned conduct of Defendant as unlawful and in material breach of the Policies so that future controversies may be avoided.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, requests relief as follows:

(a) That the Court enter an order certifying the class, appointing Plaintiff as a representative of the Class, appointing Plaintiff's counsel as Class counsel; and directing that reasonable notice of this action, as provided by Federal Rule of Civil Procedure 23(c)(2), be given to the Class;

(b) For a judgment against Defendant for the causes of action alleged against it;

(c) For compensatory damages in an amount to be proven at trial;

(d) For punitive and exemplary damages;

(e) For a declaration that Defendant's conduct as alleged herein is unlawful and in material breach of the Policies;

(f) For pre-judgment and post-judgment interest at the maximum rate permitted by law;

(g) For Plaintiff's costs incurred; and

(h) For such other relief in law or equity as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/Ellen M. Kramer
Ellen M. Kramer (0055552)
Trial Attorney
emk@crklaw.com
Joshua R. Cohen (0032368)
jcohen@crklaw.com
COHEN ROSENTHAL + KRAMER LLP
3208 Clinton Avenue
One Clinton Place
Cleveland, Ohio 44113
Tel: 216-815-9500

Norman E. Siegel *(pro hac vice forthcoming)*
siegel@stuevesiegel.com
Lindsay Todd Perkins *(pro hac vice forthcoming)*
perkins@stuevesiegel.com
Ethan Lange *(pro hac vice forthcoming)*
lange@stuevesiegel.com
David A. Hickey *(pro hac vice forthcoming)*
hickey@stuevesiegel.com
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel: 816-714-7100
Fax: 816-714-7101

John J. Schirger *(pro hac vice forthcoming)*
jschirger@millerschirger.com
Matthew W. Lytle *(pro hac vice forthcoming)*
mlytle@millerschirger.com
Joseph M. Feierabend *(pro hac vice forthcoming)*
jfeierabend@millerschirger.com
MILLER SCHIRGER, LLC
4520 Main Street, Suite 1570
Kansas City, Missouri 64111
Tel: 816-561-6500
Fax: 816-561-6501

*Attorneys for Plaintiff*